IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEQUINTAN ARNICK <br> (BOP Register No. 39501-177), | § § § | |
| Movant, | § § | |
| V. | § | No. 3:16-cv-560-M-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Dequintan Arnick, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Barbara M. G. Lynn.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that, because Arnick's motion to vacate is successive, the Court should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Arnick pleaded guilty to being a felon in possession of a firearm, and he was sentenced to 120 months' imprisonment, a sentence which was enhanced under

U.S.S.G. § 2K2.1(a)(1) based on a prior felony drug conviction and a prior felony conviction for evading arrest using a motor vehicle, which was at that time determined to be a crime of violence. *See United States v. Arnick*, No. 3:09-cr-254-M (N.D. Tex.).

On direct appeal, Arnick challenged this Court's determination "that his prior Texas state conviction for evading arrest using a vehicle was a crime of violence" but conceded that the "issue is foreclosed by *United States v. Harrimon*," 586 F.3d 351 (5th Cir. 2009). *United States v. Arnick*, 418 F. App'x 334, 334 (5th Cir. 2011) (per curiam); *see id.* at 334-35 (affirming this Court's judgment after explaining that "*Harrimon* held that the Texas state offense of evading arrest or detention by use of a vehicle is a violent felony under the Armed Career Criminal Act (ACCA)" and that the Fifth Circuit "has recognized that the definition of a violent felony under the ACCA is the same as the definition of 'crime of violence' under U.S.S.G. § 4B1.2(a), the section applicable to Arnick's prior offense" (citing *United States v. Mohr*, 554 F.3d 604, 609 & n.4 (5th Cir. 2009))).

This also is not Arnick's first Section 2255 motion. *See Arnick v. United States*, No. 3:12-cv-722-M (N.D. Tex. 2012), Dkt. Nos. 12, 13, & 14 (denying his collateral attack of the sentencing enhancement and related claim that counsel was constitutionally ineffective); *see also Arnick v. United States*, No. 3:14-cv-3448-M (N.D. Tex. 2014), Dkt. No. 2 (construing his Federal Rule of Criminal Procedure 36 motion as a successive Section 2255 motion and denying relief).

Through his current motion, Arnick again challenges the sentencing enhancement, this time pursuant to the *Johnson v. United States*, 135 S. Ct. 2551

(2015). *See* Dkt. Nos. 2 & 3.

In *Johnson*, the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. As recounted in *Johnson*:

> Federal law forbids certain people – such as convicted felons, persons committed to mental institutions, and drug users – to ship, possess, and receive firearms. § 922(g). In general, the law punishes violation of this ban by up to 10 years' imprisonment. § 924(a)(2). But if the violator has three or more earlier convictions for a "serious drug offense" or a "violent felony," the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. § 924(e)(1); *Johnson v. United States*, 559 U.S. 133, 136 (2010). The Act defines "violent felony" as follows:
>
> > "any crime punishable by imprisonment for a term exceeding one year ... that –
> >
> > "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > "(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).
>
> The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Id.* at 2555-56.

Arnick was not convicted under the ACCA, but, as the Fifth Circuit pointed out in his direct appeal, "the definition of a violent felony under the ACCA is the same as the definition of 'crime of violence' under U.S.S.G. § 4B1.2(a), the section applicable to Arnick's prior offense." *Arnick*, 418 F. App'x at 334-35.

In *Harrimon*, the precedent that foreclosed Arnick's challenge on direct appeal,

the Fifth Circuit resorted to the ACCA's residual clause to determine that the applicable Texas offense was a violent felony as defined by the ACCA. *See* 586 F.3d at 533-34 (As "defined, fleeing by vehicle is punishable by more than one year of imprisonment. TEX. PENAL CODE 38.04(a). Turning to the other elements of § 924(e)(2)(B), the government does not contend either that fleeing by vehicle has as an element the use, attempted use, or threatened use of physical force against the person of another; that it is burglary, arson, or extortion; or that it involves the use of explosives. 18 U.S.C. § 924(e)(2)(B). Therefore, we must consider whether it "otherwise involves conduct that presents a serious potential risk of physical injury to another" under the "residual" provision of clause (ii) of § 924(e)(2)(B)." (footnote omitted)).

Since the Supreme Court issued *Johnson*, the Fifth Circuit has vacated criminal judgments – not final when *Johnson* was decided – in which district courts imposed sentences based on the ACCA where one of the three predicate convictions was for evading arrest or detention using a vehicle, in violation of Texas Penal Code § 38.04. *See United States v. Hornyak*, 805 F.3d 196 (5th Cir. 2015) (remanding for resentencing in light of *Johnson*); *United States v. Maldonado*, ___ F. App'x ___, No. 14-40562, 2016 WL 556325, at *1 (5th Cir. Feb. 11, 2016) (per curiam) (same).

As this background section implies, and as discussed below, Arnick's current collateral claim may be viable at some point in the future. But, as explained below, this Court currently lacks jurisdiction to consider his latest motion to vacate, because it is an unauthorized successive motion. And, even if it were not successive – and even if *Johnson*'s holding extends outside the ACCA, to similar residual clause language –

circuit precedent precludes application of *Johnson* retroactively to cases on collateral review (that is, cases, like Arnick's, where the criminal judgment was final when the Supreme Court decided *Johnson*).

## Legal Standards and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any

successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

The Supreme Court has granted certiorari to resolve a split among the United States courts of appeals as to whether *Johnson* applies retroactively to cases on collateral review, like this one. *See Welch v. United States*, 136 S. Ct. ___, No. 15-6418, 2016 WL 90594 (Jan. 8, 2016). But the United States Court of Appeals for the Fifth Circuit has held that *Johnson* should not apply to cases like this one. *See In re Williams,* 806 F.3d 322, 325-26 (5th Cir. 2015).

Specifically, in *Williams*, the Fifth Circuit determined that *Johnson* does not fall under either exception to *Teague v. Lane*, 489 U.S. 288 (1989), because *Johnson* neither announced "a watershed rule," like that "of *Gideon v. Wainwright*," nor does *Johnson* "forbid the criminalization of any of the conduct covered by the ACCA – Congress retains the power to increase punishments by prior felonious conduct." 806 F.3d at 325.

> *Johnson* took down the residual clause of the ACCA on vagueness grounds, a denial of due process, which is no way forbids the regulatory objective – only insisting upon sufficient clarity as to give fair notice of how it is to be achieved.
>
> More to the point, though, is that *Johnson* also does not forbid a certain category of punishment. As Justice Scalia explained in *Schriro v. Summerlin*, [542 U.S. 348, 351-52 (2004),] substantive rules apply retroactively "because they necessarily carry a significant risk that a defendant ..." faces a punishment that the law cannot impose upon him. Rules that "deprive[ ] the State of the power to impose a certain penalty" are retroactive, but rules that merely alter the sentencing structure under which a penalty is imposed are not. After *Johnson*, defendants ... may, within the bounds of the constitution, face a fifteen year sentence – Congress is not "deprived" of that power. *Johnson* merely mandates

> that Congress require such punishment with greater clarity – fair notice to persons it engages.

*Id.* at 325-26 (discussing *Penry v. Lynaugh*, 492 U.S. 302 (1989), *overruled on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002); *Saffle v. Parks*, 494 U.S. 484 (1990); footnotes omitted).

The Fifth Circuit, not this Court, is the proper gatekeeper for successive Section 2255 motions, and Arnick's successive 2255 motion seeking relief pursuant to *Johnson* should be transferred there for appropriate action.

**Recommendation**

The Court should transfer Arnick's current Section 2255 motion to vacate to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 3, 2016

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE